J-S48037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JAMES EARL TROOP, | : | |
| | : | |
| Appellant | : | No. 2022 WDA 2015 |

Appeal from the PCRA Order November 20, 2015
in the Court of Common Pleas of Erie County,
Criminal Division, No(s): 1234 of 1988

BEFORE:  BOWES, DUBOW and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED JULY 08, 2016**

James Earl Troop ("Troop") appeals, *pro se,* from the Order dismissing his tenth Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On November 15, 1988, a jury found Troop guilty of multiple crimes. The trial court sentenced Troop to an aggregate prison term of twenty-five and a half to fifty-one years.  On March 19, 1990, this Court affirmed Troop's judgment of sentence.  **See Commonwealth v. Troop**, 576 A.2d 1139 (Pa. Super. 1990) (unpublished memorandum).  Troop did not file a petition for allowance of appeal to our Supreme Court.  Troop subsequently filed numerous unsuccessful PCRA Petitions.

On June 16, 2015, Troop filed the instant PCRA Petition.  The PCRA court entered a Pa.R.Crim.P. 907 Notice of Intent to Dismiss.  Thereafter, on

November 20, 2015, the PCRA court dismissed Troop's PCRA Petition as patently untimely, after which Troop filed a timely Notice of Appeal.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, a defendant must file any PCRA petition within one year of the date that the judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Troop's judgment of sentence became final on April 18, 1990, when the time to seek review with the Supreme Court of Pennsylvania expired. *See Commonwealth v. Lawson*, 90 A.3d 1, 5 (Pa. Super. 2014).

Troop had until April 18, 1991, to file a timely PCRA petition. Therefore, Troop's June 2015 PCRA Petition is facially untimely.

However, in the event that a petition is not filed within the one-year time limitation, the PCRA provides three timeliness exceptions: (1) the failure to raise the claim was the result of government interference; (2) the facts of the new claim were unknown to the petitioner and could not have been discovered with due diligence; or (3) the right asserted is a constitutional right recognized by the United States Supreme Court or the Pennsylvania Supreme Court after the time period provided in the section and has been held to apply retroactively. 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any PCRA petition invoking one of these exceptions shall be filed within sixty days of the date the claim could have been presented. *Id.* § 9545(b)(2).

Here, Troop invokes the newly recognized constitutional right exception based on the United States Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). Brief for Appellant at 7-12. In *Alleyne*, the Supreme Court held that any fact that increases the sentence for a given crime must be submitted to the jury and found beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2155. The Supreme Court reasoned that a Sixth Amendment violation occurs where these sentence-determinative facts are not submitted to a jury. *Id.* at 2156. Troop argues that his mandatory minimum sentence is, therefore, illegal based upon *Alleyne*. Brief for Appellant at 8, 12, 13.

Here, Troop filed the instant PCRA Petition on June 16, 2015, well over sixty days after June 17, 2013, the date that *Alleyne* was decided. *See* 42 Pa.C.S.A. § 9545(b)(2); *see also Commonwealth v. Boyd,* 923 A.2d 513, 517 (Pa. Super. 2007) (stating that "[w]ith regard to an after-recognized constitutional right, this Court has held that the sixty-day period begins to run upon the date of the underlying judicial decision.").

Even if Troop had properly invoked the exception at section 9545(b)(1)(iii), the rule established in *Alleyne* does not apply retroactively where the judgment of sentence is final. *See Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (stating that neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that *Alleyne* applies retroactively where the judgment of sentence has become final); *id.* (stating that although *Alleyne* claims implicate the legality of the sentence, courts cannot review a legality claim where the court does not have jurisdiction); *see also Commonwealth v. Riggle*, 119 A.2d 1058, 1067 (Pa. Super. 2015).[1] Because Troop failed to meet the requirements of the third timeliness exception, the PCRA court properly dismissed Troop's PCRA Petition.

Order affirmed.

---

[1] In support of his argument that *Alleyne* applies retroactively, Troop cites *Miller v. Alabama*, 132 S. Ct. 2455 (2012), and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), which retroactively nullified mandatory life sentences without the possibility of parole for defendants under the age of eighteen at the time of the commission of the crime. However, unlike *Miller*, *Alleyne* does not apply retroactively.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2016